Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2289 | DATE | May 9, 2008 |
| CASE TITLE | U.S. ex rel. Luis Martinez (#2006-002743) v. Jackson | | |

**DOCKET ENTRY TEXT:**

Petitioner Luis Martinez's motion to proceed *in forma pauperis* [4] is granted. His petition for habeas corpus relief is dismissed. *See* Rule 4, Rules Governing § 2254 Cases. Petitioner's requests for the appointment of counsel [3], [6] are denied.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Petitioner, Luis Martinez (2006-0007243), currently incarcerated at Cook County Jail, has filed a *pro se* petition for a writ of habeas corpus. Petitioner seeks for this Court to enjoin his pending criminal proceedings in state court. He asserts that, after his release from a mental health facility where he was on suicide watch, police officers conducted an investigation using falsified reports, warrantless searches, and coercive interrogation against petitioner. Petitioner contends that he is being wrongfully prosecuted for a sexual assault.

Finding that petitioner has neither the available funds nor means to pay the filing fee, the court grants his application to proceed *in forma pauperis*. However, petitioner's petition for habeas relief must be dismissed at the current time. Federal courts do not interfere with pending state criminal proceedings except in special circumstances, and only after the petitioner has exhausted state court remedies. *Younger v. Harris*, 401 U.S. 37 (1971); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). Special circumstances are generally limited to issues of double jeopardy and speedy trial. *See Braden*, 410 U.S. 484, 488-90; *Blanck v. Waukesha County*, 48 F. Supp.2d 859, 860 (E.D. Wisc. 1999).

Petitioner claims involve neither a double jeopardy violation nor a speedy trial issue. Furthermore, it is apparent from the petition that petitioner has not sought relief for his claims in the state trial court, appellate court, or supreme court. Accordingly, petitioner's petition is dismissed. If convicted, he may seek federal habeas relief after he exhausts state court remedies. Petitioner's requests for injunctive relief and for the appointment of counsel are denied.

isk